UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JAMES SLOVER, | Case No. 1:17-cv-00958-JDP |
| Plaintiff, | |
| v. | ORDER ON SOCIAL SECURITY APPEAL |
| COMMISSIONER OF SOCIAL SECURITY, | |
| | ECF No. 1 |
| Defendant. | |

**I.     INTRODUCTION**

Plaintiff Daniel James Slover has filed a complaint under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") that denied his application for Supplemental Security Income ("SSI"). ECF No. 1. The case has been submitted on the parties' briefs. The court will reverse and remand for further proceedings.

**II.    THE DISABILITY EVALUATION STANDARD**

A claimant is "disabled" as defined by the Social Security Act if: (1) "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age,

1

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(A)-(B); *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012). To determine whether a claimant is disabled, an ALJ engages in a five-step sequential analysis as required under 20 C.F.R § 404.1520(a)(4)(i)-(v).

In the first two steps of the evaluation, the ALJ must determine whether (1) the claimant is not performing substantial gainful activity, and (2) is under a "severe" impairment. *Id.* § 416.920(a)(4)(i)-(ii). To be considered severe, an impairment must have lasted or be expected to last at least 12 months. *Id.* § 416.909. In the third step, the ALJ must determine whether the impairment meets or medically equals an impairment listed in the administrative regulations. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not meet or equal one of the listed impairments, before proceeding to the fourth step, the ALJ has to make a residual functional capacity ("RFC") determination based on all the evidence in the record; this determination is used to evaluate the claimant's work capacity for steps four and five. *Id.* § 416.920(e). In step four, the ALJ must determine whether the claimant is capable of performing his or her previous job. *Id.* § 416.920(a)(4)(iv). The claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step five, the Commissioner determines whether the claimant can perform other work that exists in significant numbers in the national economy. *See* 20 C.F.R §§ 404.1520(g), 416.920(g). There are two ways for the Commissioner to show other jobs in significant numbers in the national economy: (1) through the testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R., part 404, subpart P, app. 2. If the ALJ chooses to rely on a vocational expert, the hypothetical questions asked "must set out all of the claimant's impairments." *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) (internal quotations and citation omitted). The use of the medical-vocational guidelines at step five is proper "where they completely and accurately represent a claimant's limitations" and the claimant can "perform the full range of jobs in a given category." *See Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). Although "the fact that a non-exertional limitation is alleged does not automatically

2

preclude application of the grids," the ALJ must first determine whether the "claimant's non-exertional limitations significantly limit the range of work permitted by his exertional limitations." *Id.* at 1102. If the Commissioner meets the burden at step five, the claimant is not disabled. *See id.* at 1097-98.

### III. PROCEDURAL BACKGROUND

Slover has filed an application for SSI claiming disability beginning January 1, 2010. AR 197-207.[1] The decision of the Administrative Law Judge ("ALJ") to deny benefits on March 21, 2016, AR 10-28, became the final decision of the Commissioner on May 19, 2017 when the Commissioner's Appeals Council denied Slover's request to review the appeal, AR 1-6; *see* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481. The ALJ's decision is now before this court for review.

### IV. THE COMMISSIONER'S FINAL DECISION

The ALJ found that Slover was not disabled. AR 24. At step one, the ALJ found that Slover had not engaged in substantial gainful activity since the application date, September 30, 2013. AR 15. The ALJ then found severe impairments at step two: "lumbar strain and schizophrenia, affective and personality disorders." *Id.* At step three, the ALJ found that Slover did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404 P, Appendix 1. *Id.* at 15-16. Between step three and step four, the ALJ determined that Slover had the RFC to:

> perform less than the full range of medium work as defined in 20 CFR 416.967(c), except that the claimant can lift and carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk for six hours in an 8-hour day, and sit for six hours in an 8-hour day. He could occasionally stoop and crouch. He could understand and remember simple one- and two-step tasks.

AR 16-17. In determining plaintiff's RFC, the ALJ gave "significant weight" to the opinion of Dr. Bonilla, the consultative examiner, and he summarized the limitations Dr. Bonilla ascribed to

---

[1] All "AR" citations refer to the administrative record. ECF No. 13.

3

plaintiff as follows:

> [C]laimant's ability to perform simple and repetitive tasks, accept instructions from a supervisor, interact with co-workers and the public, sustain an ordinary routine without special supervision, and maintain regular attendance in the workplace was mildly impaired. The claimant's ability to perform detailed and complex tasks, complete a normal workday or workweek without interruptions from a psychiatric condition, and deal with stress and changes encountered in the workplace was mildly to moderately impaired.

AR 19. In determining plaintiff's RFC, the ALJ also gave "great weight" to State Agency psychological consultants, and he summarized the limitations they ascribed to plaintiff as follows:

> [C]laimant was limited to understanding and remembering simple one- and two-step tasks. He could maintain concentration, pace, and persistence for simple tasks, and would be best suited to work with minimal social demands and little public contact. He could adapt to a low demand work setting consistent with simple work.

AR 19.

At step four, the ALJ relied on a Vocational Expert's ("VE") testimony and found that Slover had past relevant work of "construction worker" and "supervisor carpenter." AR 22. The ALJ determined that Slover could no longer perform his past relevant work. AR 22. The ALJ therefore proceeded to step five, where—after considering Slover's age, education, work experience, and RFC—he concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." AR 23. In reaching this step-five conclusion, the ALJ stated that he relied on the VE's testimony that a claimant with Slover's RFC and vocational profile could perform the requirements of two representative occupations from the Dictionary of Occupational Titles ("DOT"):

1. Hand packer (DOT#: 920.587-018); and
2. Machine operator (DOT#: 920.685-078)

AR 23. The ALJ stated that the VE's testimony "is consistent with the information contained in the [DOT]." AR 23. The ALJ thus concluded that Slover was not disabled as defined in the

Social Security Act. AR 23-24.

## V. DISCUSSION

### A. Standard of Review

A district court will set aside the Commissioner's final decision denying benefits only if that decision is either (1) not supported by substantial evidence or (2) based on a legal error. *See* 42 U.S.C. § 405(g); *Wellington v. Berryhill*, 878 F.3d 867, 871 (9th Cir. 2017). "Substantial evidence means more than a mere scintilla, but less than a preponderance; [i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). In evaluating whether a decision of the Commissioner was based on substantial evidence, the court reviews the "entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citations omitted). If the evidence can reasonably support either affirming or reversing the Commissioner's final decision, the court may not substitute its judgment for that of the Commissioner—and thus affirms under the substantial evidence standard. *Id.*; *see Revels*, 874 F.3d at 654 ("Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld."). However, in evaluating whether a decision is supported by substantial evidence, the court reviews only the reasons provided by the Commissioner in the disability determination and may not affirm based on a ground upon which the Commissioner did not rely. *See Revels*, 874 F.3d at 654. The court will find legal error if it concludes that the Commissioner applied the wrong standard. *See Wellington v. Colvin*, 2016 WL 224184, at *5 (E.D. Cal. Jan. 19, 2016), *aff'd sub nom. Wellington v. Berryhill*, 878 F.3d 867 (9th Cir. 2017).

### B. Analysis

Slover argues on appeal that the ALJ's RFC determination lacks the support of substantial evidence and that the ALJ committed legal error by providing incomplete assumptions in the hypothetical posed to the VE. ECF No. 16 at 7-10. The court will address each argument in turn.

### i. Slover's Mental RFC

A claimant's RFC is what he can still do despite his physical, mental, and other limitations. *See Mayes v. Massanari,* 276 F.3d 453, 460 (9th Cir. 2001); *see also* 20 C.F.R. pt. 404, subpt. P, app. 2, 200.00(c). The ALJ's determination of a claimant's RFC must be based on the medical opinions and the totality of the record. *See* 20 C.F.R. §§ 416.927(b), 416.946(c). In making this determination, the ALJ is responsible for "resolving conflicts in medical testimony, and for resolving ambiguities." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)); *see Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("[I]t is the responsibility of the ALJ, not [a] physician, to determine residual functional capacity [RFC]."). "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r of Soc. Sec. Admin*., 574 F.3d 685, 690 (9th Cir. 2009).

Slover argues that the ALJ's mental RFC determination—that Slover "could understand and remember simple one- and two-step tasks," AR 16-17—lacks the support of substantial evidence because it omitted two other non-exertional limitations.[2] First, Slover contends that the ALJ, despite purportedly giving "great weight"[3] to the opinion of Dr. Bonilla, failed to include the limitation Dr. Bonilla ascribed to plaintiff that he "would be mildly to moderately impaired in the ability to complete a normal workday/workweek without interruptions from a psychiatric condition and in the ability to deal with stress and changes encountered in the workplace." ECF No. 16 at 7-8 (citing AR 474). Second, Slover contends that the ALJ, despite purportedly giving "great weight" to the opinion of the state agency physicians, failed to include the limitation they ascribed to plaintiff that "Slover was best suited to work with minimal social demands and little public contact." *Id.*

The Commissioner disagrees on both counts. First, she contends that "the ALJ properly considered Dr. Bonilla's opinion." ECF No. 17 at 13. The Commissioner notes that while Dr.

---

[2] "Daniel Slover does not dispute the physical RFC attributed to him by the ALJ." ECF No. 16 at 5.
[3] The ALJ's opinion characterizes the weight given to Dr. Bonilla as "significant" rather than "great." AR 19.

6

Bonilla opined that Slover would be moderately impaired in the ability to complete a normal workday/workweek, she also assigned Slover a Global Assessment of Functioning ("GAF") score of 67,[4] which indicates "some mild symptoms (e.g. depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but *generally functioning pretty well* . . . ." *Id.* at 13 (emphasis added). Second, the Commissioner argues that "the ALJ adequately accounted for the opinions of the State agency physicians by including in the hypothetical question a limitation to occasionally interacting with supervisors, coworkers and the public." ECF No. 17 at 14.

Upon weighing the arguments and the evidence, the court finds that the ALJ's mental RFC determination is supported by substantial evidence. In arguing that the ALJ improperly omitted limitations identified by physicians, Slover forgets the scope of the RFC assessment; it takes into account *the entire case record*. *See* 20 C.F.R. § 416.927(b), 416.946(c) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."). In this case, the ALJ, in formulating Slover's mental RFC, relied on Slover's testimony at the hearing:

> The claimant alleged that he cannot hold a job because of a lifetime of hearing voices in his head; however, this is inconsistent given his highly skilled work history over many years. In fact, he successfully worked as a supervisory construction worker for five years, which involved vocational skills at an SVP 8 (skilled) level, and oversaw a crew of workers. Although the claimant testified that he was able to perform this work in spite of the continuous voices in his head, it does indicate that the voices were either not much of a distraction or highly exaggerated. He further testified that the voices typically told him to commit suicide and/or harm others, but admitted he did not act on them. The Administrative Law Judge finds it significant that even though claimant admitted to hearing voices in his head throughout the entire hearing, he was nonetheless able to communicate with me and focused very well on my questions without being distracted.

---

[4] According to the Commissioner, "The Global Assessment of Functioning (GAF) scale represents a present rating of overall psychological functioning on a scale of 0 to 100." ECF No. 17 at 13 n.5.

7

AR 20-21. Considering the foregoing, as well as the GAF score assigned to Slover by Dr. Bonilla, the court finds that the ALJ's understanding of claimant's mental limitation in the RFC—claimant "could understand and remember simple one- and two-step tasks," AR 16-17—is supported by substantial evidence.[5]

### ii. Vocational Expert Testimony

If a claimant does not have the RFC to perform past relevant work, then it is the Commissioner's burden at step five to establish that the claimant can perform other work. *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1278-79 (9th Cir. 1987). The ALJ may use a vocational expert, as did the ALJ in this case, to determine whether a claimant can use his work skills in another job. 20 C.F.R. §§ 404.1566(e), 416.966(e). According to the Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX"), "The ALJ may use hypothetical questions to elicit the VE's opinion about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy, or any other work in the national economy (and the availability of such work)." Testimony of a Vocational Expert, HALLEX I-2-6-74 (S.S.A. June 16, 2016), http://www.ssa.gov/OP_Home/hallex/I-02/I-2-6-74.html. These hypotheticals "deriv[e] from the RFC and 'must set out *all* the limitations and restrictions of the particular claimant.'" *Valentine*, 574 F.3d at 690 (citing *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir. 1988)) ("[A]n RFC that fails to take into account a claimant's limitations is defective."). However, it is "proper to limit a hypothetical to those impairments that are supported by substantial evidence in the record." *Osenbrock v. Apfel,* 240 F.3d 1157, 1165 (9th Cir. 2001).

At the hearing in the instant case, the ALJ presented the VE with a hypothetical candidate for employment and asked whether such a candidate could perform any work that exists in the national economy. ECF No. 13-3 at 55. In describing this hypothetical candidate, the ALJ asked

---

[5] The parties also dispute whether the opinions of Dr. Bonilla and the state agency physicians were properly translated into the hypotheticals that the ALJ posed to the VE. The VE's testimony will be discussed below.

the VE to assume an individual with Slover's work history, "capable of performing a medium range of work eroded by the following: occasionally stooping and crouching; *understanding, remembering, and carrying out simple, routine, repetitive tasks using judgment limited to simple work-related decisions*; socially interacting with supervisors, coworkers, and the public occasionally." ECF No. 13-3 at 55 (emphasis added). The VE named two jobs such a person could perform: hand packer and machine operator. *Id.* There is a discrepancy between the limitation posed to the VE (i.e., "understanding, remembering, and carrying out simple, routine, repetitive tasks using judgment limited to simple work-related decisions") and the limitation stated in the RFC (i.e., "simple one- and two-step tasks").

Slover argues that this discrepancy constitutes reversible legal error. ECF No. 16 at 9. Specifically, he argues that the VE's testimony "has no evidentiary value" because the hypothetical was based on incomplete assumptions. *Id.* (citing *Embrey v. Bowen*, 849 F.2d. at 422.). In response, the Commissioner contends that, despite any discrepancy between the hypothetical and claimant's circumstances, "the representative jobs the ALJ found Plaintiff could perform are well within the four corners of the RFC." ECF No. 17 at 15. Both parties recognize *Rounds v. Comm'r, Soc. Sec. Admin.*, 807 F.3d 996 (9th Cir. 2015) as bearing on this question.

In *Rounds*, the ALJ found that the plaintiff had the RFC to "perform a full range of work at all exertional levels but with the following nonexertional limitations: she can perform one to two step tasks with no public contact, no teamwork and limited coworker contact." 807 F.3d at 1001. At Step 5 in *Rounds*, the ALJ found that the plaintiff was not disabled based upon "a vocational expert's testimony that someone with [the plaintiff's] RFC could perform jobs that exist in the national and local economy, including kitchen helper, hand packager, and recycler/reclaimer." *Id.* These jobs required Level 2 reasoning. *Id.* at 1002; *see also* DOT, App. C § 3, 1991 WL 688702 (4th ed. 1991) (describing GED reasoning levels). On appeal, the Ninth Circuit noted "an apparent conflict between [the plaintiff's] RFC, which limits her to performing one- and two-step tasks, and the demands of Level Two reasoning, which requires a person to 'apply commonsense understanding to carry out detailed but uninvolved written and oral instructions.'" *Id.* at 1003. The Ninth Circuit found that Social Security Ruling (SSR) 00–4p

9

required the ALJ to "ask the expert to explain the conflict and then determine whether the vocational expert's explanation for the conflict is reasonable before relying on the expert's testimony to reach a disability determination." *Rounds*, 807 F.3d at 1003 (quoting *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015)). Because the ALJ did not recognize the apparent conflict, and the VE consequently did not address it, there was no way to ascertain whether substantial evidence supported the ALJ's Step 5 finding. *Id.* at 1004. Therefore, the Ninth Circuit remanded for a determination whether there was "a reasonable explanation to justify relying on the [vocational expert's] testimony." *Id.* at 1004.

Here, the apparent conflict at issue in *Rounds* is also present: the ALJ found that plaintiff was limited to one- and two-step tasks, AR 16-17, and the Step 5 finding relied on VE testimony stating that plaintiff could perform jobs demanding Level Two reasoning, which requires the completion of more complex tasks, AR 55; ECF No 16-1. Therefore, there was an apparent conflict between the vocational expert's testimony and the DOT, which triggered a corresponding duty for the ALJ to determine whether there was a reasonable explanation. *See* SSR 00-4P (S.S.A.), 2000 WL 1898704 ("[B]efore relying on VE or VS evidence to support a disability determination or decision, our adjudicators must: Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT), . . . and Explain in the determination or decision how any conflict that has been identified was resolved.").

The Commissioner argues that the facts of this case "are distinguishable from those in *Rounds*." ECF No. 17 at 15. She points out that while the claimant in *Rounds* "had only an unskilled work background," Slover "had a high school education and, as the vocational expert testified, a skilled work background." *Id.* This post hoc justification offered by the Commissioner may or may not have merit, but the ALJ did not adopt or reference it or otherwise adequately articulate his rationale, and we are not in a position to articulate a rationale for him. See *Rounds*, 807 F.3d 996, 1003–04 ("This Court cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." (internal quotation marks omitted)). The ALJ thus committed error.

10

An error—viewed in the context of the record as a whole—can be harmless. *Id.* at 1111, 1122. But the omitted considerations here—the interplay between the limitation in the RFC to one- and two-step tasks and the jobs that the ALJ identified (after consulting with the VE) that appear to be GED Reasoning Level 2 or higher—are material considerations, and the court cannot find the ALJ's failure to address them to be harmless. *See id.* at 1115; *see also Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2015); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (holding that the ALJ's failure to reconcile apparent conflict between the RFC and DOT was not harmless error).

### I. CONCLUSION AND ORDER

Plaintiff Daniel James Slover's appeal from the administrative decision of the Commissioner of Social Security is granted. This case is remanded for further proceedings consistent with this order. The clerk of court is directed (1) to enter judgment in favor of plaintiff Daniel James Slover and against defendant Commissioner of Social Security, and (2) to close this case.

IT IS SO ORDERED.

Dated: December 7, 2018

UNITED STATES MAGISTRATE JUDGE

11